**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth A. Nevels,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-24-02121-PHX-DGC<br><br>**ORDER** |

Plaintiff Elizabeth Nevels appeals from the final decision of the Commissioner of the Social Security Administration which denied her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Defendant concedes that the decision is based on reversible error, but the parties disagree on the proper scope of remand. For reasons stated below, the Court will remand for new findings at steps four and five of the disability evaluation process.

**I.  Background.**

Plaintiff is 48 years old, has a GED certificate, and has worked as a bartender, hotel desk clerk, nail salon manager, and call center sales representative. Docs. 8-10; Administrative Transcript ("Tr.") 42-43, 66-67, 122, 386. Plaintiff applied for social security benefits in March 2021 and December 2022, alleging a disability date of January 1, 2021. Tr. 307-39. The claim was denied at the initial and reconsideration levels.

1

Tr. 169-86. Hearings before an Administrative Law Judge ("ALJ") were held on September 7, 2023, and April 1, 2024. Tr. 37-121. The ALJ issued an unfavorable decision on April 26, 2024. Tr. 13-36.

The ALJ applied the requisite five-step process for determining whether Plaintiff was disabled during the relevant period – from January 1, 2021, the alleged disability date, to April 26, 2024, the date of the ALJ's decision. Tr. 18-28; 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509. Under this process, Plaintiff must show that (1) she has not engaged in substantial gainful activity since the alleged disability date, (2) she has a severe impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") – the most she can do with her impairment – precludes her from performing past relevant work. If Plaintiff meets her burden at step three, she is presumed disabled and the process ends. If the inquiry proceeds and Plaintiff meets her burden at step four, then (5) Defendant must show that Plaintiff is able to perform other work given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); SSR 96-8p, 1996 WL 374184 (July 2, 1996) (RFC).

The ALJ found that Plaintiff met her burden at steps one and two because she has not engaged in substantial gainful activity since the alleged disability date and has severe cervical fusions, bilateral hip surgeries, degenerative changes of the lumbar spine and right shoulder, and asthma. Tr. 18-19. The ALJ found at step three that Plaintiff's impairments do not meet or medically equal the severity of a listed impairment. Tr. 19-21. Before proceeding to step four, the ALJ determined that Plaintiff has the RFC to perform sedentary work with restrictions. Tr. 21-27. Plaintiff does not challenge this RFC determination or the ALJ's findings at steps one, two, and three.

The ALJ, relying on testimony from a vocational expert, found at step four that Plaintiff could perform past work as an order clerk. Tr. 27-28, 53-56. The ALJ therefore found Plaintiff not disabled within the meaning of the Social Security Act and did not continue to step five of the evaluation process. Tr. 40. The ALJ's decision became Defendant's final decision when the Appeals Council denied review. Tr. 2-7.

Plaintiff brought this civil action by filing a complaint for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Doc. 1 at 1.[1] Plaintiff requests that the Court reverse the ALJ's step-four finding that she could perform past work and remand the matter for the limited purpose of new findings at steps four and five. *Id.* at 2; *see* Doc. 11 at 6-10, 12-14.

## II. Discussion.

The Court reviews only those issues raised by the party challenging the ALJ's decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may reverse the decision if it is based on legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). When the Court finds reversible error, it may remand the case with or without a rehearing. 42 U.S.C. § 405(g).

Defendant concedes that the ALJ committed reversible error at step four because substantial evidence does not support the ALJ's finding that Plaintiff had performed past work as an order clerk. Doc. 15 at 2. Defendant contends that the case should be remanded on an open record to allow the ALJ to reevaluate Plaintiff's claim at all five steps of the evaluation process. *Id.* at 3-4. Plaintiff argues that because she challenges only the ALJ's finding at step four, the ALJ's findings at steps one through three are law of the case and remand is limited to new findings at steps four and five. Docs. 11 at 13-14, 16 at 2-5.

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). "[Ninth Circuit] precedent establishes that the law of the case doctrine applies in the social security context. And rightfully so. That doctrine promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues. Those values are equally promoted in social-security cases." *Fallon v. Dudek*, 135 F.4th 831, 835-36 (9th Cir. 2025) (citation modified). In the social

---

[1] Section 405(g) provides that the procedural vehicle for an individual seeking judicial review of the denial of DIB is a civil action brought in the district court for the judicial district in which the plaintiff resides. Section 1383(c)(3) provides that the denial of SSI is subject to judicial review under § 405(g).

security context, the law of the case doctrine typically prohibits an ALJ from revisiting a previous finding on the same issue in the same case. *See id.*; *Stacy*, 825 F.3d at 567.

Plaintiff does not challenge the ALJ's findings at steps one, two, and three – that Plaintiff has not engaged in substantial gainful activity since the alleged disability date, that she has multiple severe impairments, and that the impairments do not constitute a listed impairment. *See* Docs. 1 at 2, 11 at 12-13; Tr. 18-21. Nor does Plaintiff challenge the ALJ's finding that she has the RFC to perform only sedentary work with restrictions. *See* Tr. 21-27. Under the law of the case doctrine, these findings may not be reconsidered unless the evidence on remand is substantially different. *See* Doc. 11 at 14; *Stacy*, 825 F.3d at 567 (explaining that the doctrine applies absent "new, highly probative" evidence); *see also White v. Bisignano*, No. 2:24-CV-02068-EFB (SS), 2025 WL 2323759, at *6 (E.D. Cal. Aug. 12, 2025) ("Upon remand, pursuant to the law of the case doctrine and the rule of mandate, the issues before the ALJ were narrow and were defined by the scope of the Court of Appeals' mandate order. As such, the ALJ erred by revisiting the settled issue of plaintiff's RFC and undertaking a new step five analysis pursuant to the new RFC, rather than adhering to the Court of Appeals' order, which had remanded the matter for the ALJ to resolve the job numbers discrepancy identified by plaintiff relative to the original step five determination.") (citations omitted); *D'Ambrosio v. Comm'r of Soc. Sec.*, No. 1:21-cv-00368-CDB (SS), 2024 WL 3164535, at *6 (E.D. Cal. June 25, 2024) ("[The first ALJ's] favorable findings, namely her RFC determination not appealed and thus were not disturbed by the remand order. [The second ALJ] was therefore not authorized to revisit Plaintiff's RFC in *toto*, much less to render a new RFC finding that was less favorable to Plaintiff.") (citation modified); *Higbee v. Dudek*, No. 2:24-CV-00347-SCR, 2025 WL 1017570, at *5 (E.D. Cal. Apr. 4, 2025) ("Instead of clearly providing a rationale for the evaluation of subjective symptom testimony concerning the number of breaks and duration, the ALJ at the second hearing went back to Step 2 and found the ulcerative colitis non-severe. Going back to an earlier step in the five-step analysis and making a determination adverse to Plaintiff violated the scope and spirit of the remand order. That Plaintiff's

4

ulcerative colitis was a severe impairment at step two was law of the case, and the second ALJ's decision exceeded the scope of remand.") (citations omitted).

What is more, the Ninth Circuit has made clear that the scope of remand is defined by the relief the plaintiff seeks in the underlying complaint. In *Brown v. Kijakazi*, 11 F.4th 1008, 1009-10 (9th Cir. 2021), the Ninth Circuit recognized that, "like any complaint in a civil action, a complaint filed by a social security claimant asserting a claim under [§ 405(g)] must set forth the relief requested," and "the *only* question is whether [the plaintiff] should be granted the relief he requests." The Ninth Circuit emphasized that it had "no authority to set aside, or to disturb" aspects of the ALJ's decision the plaintiff did not challenge. *Id.* at 1010. Because Plaintiff challenges only the ALJ's step-four finding that she could perform past relevant work, the remand will be limited to new findings at step four, and, if necessary, findings at step five on whether Plaintiff can perform other available work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv)-(v), 416.920(a)(4)(iv)-(v).

The Ninth Circuit also explained in *Brown* that "[t]he Commissioner, of course, cannot sue himself, and so [§ 405(g)] does not provide him a cause of action to challenge the portions of his own decision that are favorable to the claimant." 11 F.4th at 1009. Thus, the Court cannot grant Defendant's request for remand on all steps of the evaluation process. "To do so would, in effect, [impermissibly] assert and grant a form of counterclaim or cross-claim on [Defendant's] behalf[.]" *Id.* at 1010; *see Ellen C-B. v. Comm'r, Soc. Sec. Admin.*, No. 6:22-CV-01650-JR, 2024 WL 1794954, at *2 (D. Or. Apr. 25, 2024) ("Following *Brown*, the Court will limit its remand order to only those aspects of the ALJ's decision plaintiff challenges, rather than the 'de novo hearing decision' the Commissioner requests. The rule in *Brown* is clear: because only claimants can appeal under [§ 405(g)], the relief he or she requests in the complaint defines the scope of appellate review, and by extension, limits the permissible scope of remand.") (citations omitted); *De Jong v. Comm'r of Soc. Sec.*, No. 1:24-CV-00381-EPG, 2024 WL 4437190, at *2 (E.D. Cal. Oct. 4, 2024) ("Next comes the question of whether the Court should limit the scope of remand here to the Step Five issue that Plaintiff raises. On this issue, the Court

finds Plaintiff's citation to *Brown* . . . persuasive. In *Brown*, the Ninth Circuit rejected the Commissioner's argument that the Court should remand for a new decision on an entire social security claim[.]") (citation omitted).

Defendant attempts to distinguish *Brown* by noting that the ALJ found Plaintiff not disabled during the entire period under consideration. Doc. 15 at 4 n.3. But the Court does not read *Brown* as instructive only in cases where the claimant appeals a partial denial of benefits. Rather, "the broader principle that applies from *Brown* is that a claimant gets to choose what portions of an ALJ's decision that the claimant wants to challenge and the Court is limited to the relief requested by the Claimant." *De Jong*, 2024 WL 4437190, at *3.[2]

Citing *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1099 (9th Cir. 2014), Defendant contends that the "ordinary remand rule" is to remand on an open record for a new decision. Doc. 15 at 3. But *Treichler* addressed whether a court should remand for further administrative proceedings – the ordinary remand rule – or should instead depart from this rule and award benefits. 775 F.3d at 1099-1102. "Nowhere does *Treichler* instruct that the Court must ordinarily remand for an open record as opposed to limiting the scope of remand with instructions to the Commissioner on what to address." *De Jong*, 2024 WL 4437190, at *2.

---

[2] In a recent unpublished disposition, a Ninth Circuit panel found *Brown* inapplicable where the claimant was not awarded benefits for any period of his claimed disability. *Velazquez v. Bisignano*, No. 24-3034, 2025 WL 24377493, at *1 (9th Cir. Aug. 25, 2025). *Valezquez* has no precedential value and the Court may not rely on it in determining the scope of remand in this case. *See* 9th Cir. R. 36-3(a); *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1063 (9th Cir. 2000) ("Under our rules, . . . unpublished memorandum dispositions have no precedential value[.]"); *W. Watersheds Project v. Grimm*, 921 F.3d 1141, 1147 (9th Cir. 2019) (finding that the district court erred by relying on an unpublished case that lacks precedential value). The Court also finds *Velazquez* unpersuasive with respect to this case. First, it does not address the law of the case doctrine and disregards the instruction in *Brown* that the relief the plaintiff requests in the complaint defines the scope of remand. Second, it suggests that distinct findings made as part of the ALJ's five-step evaluation process should never be deemed "favorable" unless the claimant ultimately is awarded some benefits. An ALJ's finding that the claimant has an extremely limited RFC, or a finding that the claimant is not able to perform past work, would be favorable to the claimant. *Velazquez* is also distinguishable because the plaintiff sought remand for an immediate award of benefits rather than new findings on a specific aspect of the ALJ's decision.

6

The ALJ adjudicated whether Plaintiff was disabled through April 26, 2024, the date of the ALJ's decision. Tr. 28. Defendant contends that because Plaintiff was insured for DIB through June 30, 2024 (*see* Tr. 17-18), and a date last-insured does not apply to her claim for SSI, the ALJ will need to evaluate Plaintiff's claim through the date of the new decision. Doc. 15 at 3. But Plaintiff asks the Court to rule only on the relief requested in her complaint and opening brief, which will not involve consideration of the time period after April 26, 2024. *See Ellen C-B*, 2024 WL 1794954, at *2.[3]

### III. Conclusion.

The ALJ erred at step four in finding that Plaintiff can perform past relevant work. Tr. 27-28. The Court will reverse this aspect of the ALJ's decision and remand for new findings at step four, and, if necessary, step five.[4]

**IT IS ORDERED:**

1. The final decision of the Commissioner of Social Security to deny Plaintiff's claim for disability insurance benefits and supplemental security income (Tr. 2-7, 13-36) is **reversed** as set forth above and this case is **remanded** for further administrative proceedings consistent with this order.

2. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 5th day of September, 2025.

David G. Campbell
Senior United States District Judge

---

[3] If Plaintiff seeks DIB for the remainder of her covered period, or SSI after the date of the ALJ's original decision, she will need to file a new claim for disability for those periods or seek to reopen the record before the ALJ with evidence of disability in those time frames. *See id.* at *2 n.2.

[4] Plaintiff contends that the Appeals Council erred in failing to apply SSR 24-2p, which shortens the timeframe for consideration of past relevant work from fifteen years to five years. Doc. 11 at 10-12; *see* SSR 24-2p, 89 Fed. Reg. 48479-01, at *48480 (June 6, 2024). Plaintiff did not request relief from the Appeals Council's decision in her complaint (*see* Doc. 1 at 2), but Defendant acknowledges that SSR 24-2p will apply when the ALJ considers Plaintiff's claim on remand.