**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth A. Nevels, | No. CV-24-02121-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Elizabeth Nevels appealed from the final decision of the Commissioner of the Social Security Administration which denied her claim for disability insurance benefits and supplemental security income. Doc. 1. Defendant conceded that the decision is based on reversible error, but the parties disagreed on the proper scope of remand. Docs. 11, 15. The Court remanded for new findings at steps four and five of the disability evaluation process, and the Clerk entered judgment accordingly. Docs. 17, 18.[1]

Defendant moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Doc. 19. Plaintiff opposes the motion. Doc. 20. Defendant has filed no reply and neither side requests oral argument. For reasons stated below, the Court will deny the motion.

---

[1] *See also Nevels v. Comm'r of Soc. Sec. Admin.*, No. CV-24-02121-PHX-DGC, 2025 WL 2586138 (D. Ariz. Sept. 8, 2025) (remand order).

## II.     Rule 59(e) Standard.

The Ninth Circuit has repeatedly cautioned that relief under Rule 59(e) is an "extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).  A Rule 59(e) motion should not be granted unless "(1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016) (citing *Allstate*, 634 F.3d at 1111).  "This requirement is a high hurdle for [the movant] to meet." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

## III.    Discussion.

Defendant has established no basis for relief under Rule 59(e).  Defendant presents no new evidence and does not assert that there has been an intervening change in the law.  Nor is the Court convinced that it mistakenly remanded the case for new findings at steps four and five only, rather than on all five steps of the evaluation process.  *See Young v. Wolfe*, No. CV 07- 03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) ("Clear error or manifest injustice occurs when the 'reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'") (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).  Defendant also has failed to show extraordinary circumstances warranting relief under Rule 59(e).

Defendant makes three specific arguments in support of Rule 59(e) relief: (1) the Court misapplied the law of the case doctrine, (2) the Court misinterpreted *Brown v. Kijakazi*, 11 F.4th 1008 (9th Cir. 2021), and (3) the Court's remand order is unworkable.  Doc. 19 at 2-8.  Because none of these arguments has merit, the Court will deny the Rule 59(e) motion.

### A.     Law of the Case Doctrine.

According to Defendant, "the law of the case doctrine evinces a comparison of court decisions" and it "makes no sense to apply it to a single agency decision that has been

2

vacated in a single court remand." *Id.* at 2 (citing *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) ("The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case.")). But the doctrine "is concerned primarily with efficiency," *Stacy*, 825 F.3d at 567, and this value is "equally promoted in social-security cases." *Fallon v. Dudek*, 135 F.4th 831, 836 (9th Cir. 2025). In the social security context, the law of the case doctrine typically prohibits an ALJ from revisiting a previous finding on the same issue in the same case. *See Stacy*, 825 F.3d at 567 ("[T]here were two prior step 4 findings by ALJs that Stacy could not perform his past work. Although these findings were never affirmed by the district court on review, this is typically the type of determination that should not be reconsidered under the law of the case doctrine."). Because Plaintiff does not challenge the ALJ's findings at steps one through three, or the ALJ's finding that Plaintiff has the RFC to perform only sedentary work with restrictions, the Court did not clearly err in concluding that these findings are law of the case and may not be reconsidered unless the evidence on remand is substantially different. Doc. 17 at 3-5.[2]

### B.  *Brown v. Kijakazi*.

In *Brown v. Kijakazi*, the Ninth Circuit made clear that the scope of remand is defined by the relief the plaintiff seeks in the underlying complaint. 11 F.4th at 1009-10 The Ninth Circuit explained that, "like any complaint in a civil action, a complaint filed by a social security claimant asserting a claim under [42 U.S.C. § 405(g)] must set forth the relief requested," and "the *only* question is whether [the plaintiff] should be granted the relief he requests." *Id.* The Ninth Circuit emphasized that it had "no authority to set aside, or to disturb" aspects of the ALJ's decision the plaintiff did not challenge. *Id.* at 1010. Because Plaintiff challenged only the ALJ's step-four finding that she could perform past

---

[2] Defendant asserts that the law of the case doctrine cannot be applied when there has yet to be a remand in which that test becomes relevant (Doc. 19 at 3), but cites no legal authority in support of this assertion. As Plaintiff notes, it is more efficient for a court to announce which ALJ findings will become law of case on remand, rather than force a claimant for disability benefits to file multiple district court actions over a period of years. Doc. 20 at 3.

3

relevant work, the Court limited the remand to new findings at step four, and, if necessary, findings at step five on whether Plaintiff can perform other available work. Doc. 17 at 5.

Defendant asserts that the Court "dismisses the distinguishing fact that the ALJ's decision in *Brown* was partially favorable whereas, here, no portion of the ALJ decision was favorable to Plaintiff." Doc. 19 at 3. The Court did not ignore Defendant's position on this point. The Court acknowledged that "Defendant attempts to distinguish *Brown* by noting that the ALJ found Plaintiff not disabled during the entire period under consideration." Doc. 17 at 6 (citing Doc. 15 at 4 n.3). The Court made clear, however, that it "does not read *Brown* as instructive only in cases where the claimant appeals a partial denial of benefits. Rather, 'the broader principle that applies from *Brown* is that a claimant gets to choose what portions of an ALJ's decision that the claimant wants to challenge and the Court is limited to the relief requested by the Claimant.'" *Id.* (citation omitted).

Defendant may disagree with the Court's interpretation of *Brown*, but has not shown that the Court clearly erred in this regard. *See Hannonen v. McCloskey*, No. 24-CV-2408-BEN-BLM, 2025 WL 2440649, at *2 (S.D. Cal. Aug. 25, 2025) (explaining that Rule 59(e) "cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision") (citation omitted); *McIntyre v. Ariz. Bd. of Regents*, No. CV-24-08151-PCT-DGC, 2025 WL 296399, at *1 (D. Ariz. Jan. 24, 2025) ("Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis.") (citations omitted).

The Court noted that in a recent unpublished disposition, a Ninth Circuit panel found *Brown* inapplicable where the claimant was not awarded benefits for any period of his claimed disability. Doc. 17 at 6 n.2 (citing *Velazquez v. Bisignano*, No. 24-3034, 2025 WL 24377493, at *1 (9th Cir. Aug. 25, 2025)). The Court found *Velazquez* unpersuasive with respect to this case because: (1) it does not address the law of the case doctrine and disregards the instruction in *Brown* that the relief the plaintiff requests in the complaint defines the scope of remand; (2) it suggests that distinct findings made as part of the ALJ's

4

five-step evaluation process should never be deemed "favorable" unless the claimant ultimately is awarded some benefits, but an ALJ's finding that the claimant has an extremely limited RFC, or a finding that the claimant is not able to perform past work, would be favorable to the claimant; and (3) the plaintiff had sought remand for an immediate award of benefits rather than new findings on a specific aspect of the ALJ's decision.  *Id.*  The Court also explained that *Velazquez* has no precedential value and the Court may not rely on it in determining the scope of remand in this case.  *Id.*

Defendant notes that a request to have the disposition in *Velazquez* published was recently filed (Doc. 19 at 4 n.4), but the request has been denied.  *See* Doc. 55, *Velazquez*, No. 24-3034.  The disposition in *Velazquez* therefore remains unpublished and has no precedential value.  *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1063 (9th Cir. 2000) ("Under our rules, . . . unpublished memorandum dispositions have no precedential value[.]") (citing 9th Cir. R. 36-3(a)); *W. Watersheds Project v. Grimm*, 921 F.3d 1141, 1147 (9th Cir. 2019) (finding that the district court erred by relying on an unpublished case that lacks precedential value).

Defendant contends that the Court erred in its interpretation of *Brown* by relying on unpublished district court cases that predate *Velazquez*.  Doc. 19 at 4.  But the Court did not suggest that those cases have precedential value or are in any way binding on the Court.  Rather, the Court cited the cases to show that other district courts have interpreted *Brown* in a similar way.  *See* Doc. 17 at 5-6 (citing *Ellen C-B. v. Comm'r, Soc. Sec. Admin.*, No. 6:22-CV-01650-JR, 2024 WL 1794954, at *2 (D. Or. Apr. 25, 2024) ("Following *Brown*, the Court will limit its remand order to only those aspects of the ALJ's decision plaintiff challenges, rather than the 'de novo hearing decision' the Commissioner requests.  The rule in *Brown* is clear: because only claimants can appeal under [§ 405(g)], the relief he or she requests in the complaint defines the scope of appellate review, and by extension, limits the permissible scope of remand."); *De Jong v. Comm'r of Soc. Sec.*, No. 1:24-CV-00381-EPG, 2024 WL 4437190, at *2 (E.D. Cal. Oct. 4, 2024) ("Next comes the question of whether the Court should limit the scope of remand here to the Step Five issue that Plaintiff

raises. On this issue, the Court finds Plaintiff's citation to *Brown* . . . persuasive. In *Brown*, the Ninth Circuit rejected the Commissioner's argument that the Court should remand for a new decision on an entire social security claim[.]")).

Defendant cites an order in which the Ninth Circuit panel in *Velazquez* requested supplemental briefing regarding "the interaction between *Brown*'s limitation on the Commissioner's ability to appeal aspects of a decision that are favorable to the claimant" and the "statutory and regulatory framework for handling remands to the agency." Doc. 19 at 4 (citing Doc. 43, *Velazquez*, No. 24-3034). But Defendant does not provide the supplemental briefing or explain how it may have impacted the panel's decision in *Velazquez*.

Defendant has not shown that the Court clearly erred in its interpretation of *Brown* or its treatment of *Velazquez*. *See Pantoja v. Comm'r of Soc. Sec.*, No. 1:22-CV-001127-CDB (SS), 2025 WL 2755692, at *7 (E.D. Cal. Sept. 29, 2025) ("To the extent the Commissioner notices *Velazquez* for the proposition that it supports remand here for a full de novo hearing not limited to the single claim of error raised by Plaintiff (Step Five), the undersigned disagrees with that proposition. Both the district court and the Ninth Circuit in *Velazquez* directed the ALJ to consider anew the step five issue for which the plaintiff had sought relief in the district court in addition to the conceded error at step three. Neither the district court nor the Ninth Circuit granted the relief the Commissioner seeks here – an unlimited remand permitting de novo review.").

### C.   Proceedings on Remand.

The ALJ adjudicated whether Plaintiff was disabled through April 26, 2024, the date of the ALJ's decision. Tr. 28. Because the ALJ erred at step four in finding that Plaintiff can perform past relevant work (Tr. 27-28), the Court reversed this aspect of the ALJ's decision and remanded for new findings at step four, and, if necessary, findings at step five. Doc. 17 at 5.

Defendant argues that this approach is unworkable because it may limit the time period under consideration on remand. Doc. 19 at 5-8. But the Court addressed this

concern, explaining that if Plaintiff seeks disability insurance benefits for the remainder of her covered period, or supplemental security income after the date of the ALJ's original decision, she will need to file a new claim for disability for those periods or seek to reopen the record before the ALJ with evidence of disability in those time frames. Doc. 17 at 7 n.3.

Defendant notes that the most Plaintiff could obtain would be a closed period of disability and further development of the record could be more favorable to Plaintiff. Doc. 19 at 6-8. But Plaintiff has not sought de novo proceedings on an open record and agrees that the Court's prior order provides a workable solution on remand. Doc. 20 at 4-5.

**IT IS ORDERED** that Defendant's motion to alter or amend judgment under Rule 59(e) (Doc. 19) is **denied**.

Dated this 6th day of November, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge